**Order entered August 18, 2020**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-20-00066-CV

**IN RE JAMES DONDERO, Relator**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-16417**

**ORDER**
Before Justices Schenck, Partida-Kipness, and Nowell

Before the Court are relator's January 16, 2020 petition for writ of mandamus and real party's March 25, 2020 response. In his petition, relator challenges the trial court's October 21, 2019 Order Granting Payment of Debt Collections Attorney's Fees, in which the trial court refers to a hearing conducted on October 18, 2019. The Court determined that the transcript of the October 18, 2019 hearing would aid its disposition of this matter and directed relator to supplement the mandamus record with a copy of that transcript and any evidence or exhibits presented at that hearing on or before June 24, 2020. *See* TEX. R. APP. P. 52.7(b). By order dated June 30, 2020, this Court ordered relator to respond to

this Court on or before July 6, 2020, explaining why this Court should not deny his writ. *See* Tex. R. App. P. 52.7(a).

By letter dated July 1, 2020, relator responded to this Court, asserting that he had requested the transcript before filing the instant petition, but he did not include a copy of the transcript because the court reporter did not have it. Relator further responded that he again requested the transcript after receiving this Court's June 30, 2020 order and received a response from the court reporter that her equipment had malfunctioned such that she is unable to produce a record of that hearing.

By order dated July 8, 2020, this Court ordered relator to respond whether he and real party in interest were able to replace the transcript and any admitted exhibits by agreement of the parties and further ordered any agreed record and related exhibits to be filed on or before July 22, 2020. To date, neither relator nor real party in interest has filed any agreed record or related exhibits.

Under our appellate rules, an appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6 (f).

We **REMAND** this case to the trial court and **ORDER** the trial court to conduct a new hearing on real party in interest's October 3, 2018 Motion To Reconsider Debt Collections Attorney's Fees within **TWENTY DAYS** from the date of this order. We further **ORDER** relator to file a properly authenticated transcript of any relevant testimony from that hearing, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. *See* TEX. R. APP. P. 52.7 (a)(2).

We **ABATE** this appeal. We will automatically reinstate this appeal **THIRTY DAYS** from the date of this order or upon receipt of the supplemental record, whichever is sooner.

/s/   DAVID J. SCHENCK
      JUSTICE